UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Amarilys DePena,

                             Plaintiff,

             -against-

Elrac, Inc. d/b/a Enterprise Rent-A-Car and
"John Doe," a fictitious name for an individual
whose identity is not currently known,

                          Defendants.
-------------------------------------------------------------------X

08 CV 3869
J. Buchwald
M. Mann

**Verified Answer**

       Defendant, Elrac, Inc., by its attorneys, CARMAN, CALLAHAN & INGHAM, LLP, as

and for its Answer to the Plaintiff's Complaint, asserts the following:

       1.      Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph Nos. 1, 6, 12, 13, 14, 15, 16, 17, 18, 19, 20 and 21

of the Plaintiff's Complaint.

       2.      Defendant admits the allegations contained in Paragraph Nos. 2, 3 and 5 of the

Plaintiff's Complaint.

       3.      Defendant denies each and every allegation contained in Paragraph Nos. 4, 7, 8, 9,

11, 24, 25, 26 and 27 of the Plaintiff's Complaint and respectfully refers all questions of law to

the Court at the time of trial.

       4.      Defendant denies each and every allegation contained in Paragraph Nos. 10, 22,

23 and 28 of the Plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

       Whatever damages, personal injury, injury to property, or wrongful death plaintiff may

have sustained, if any, at the time and place alleged in the Complaint herein, or any amendments

thereto, such damages were caused in whole or in part by the carelessness, negligence,

assumption of risk, and culpable conduct of the plaintiff or plaintiff's intestate, solely and/or

jointly with other persons not under the control of these answering defendants in such a manner,

degree and extent that plaintiff has no right of recovery herein and the damages claimed by the

plaintiff should be diminished wholly and/or partially and/or proportionately and that these

answering defendants are without any carelessness, culpability or negligence therein.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That these answering defendants, pursuant to the Federal Rules of Civil Procedure, allege

that if the plaintiff sustained any injuries or damages at the time and place alleged in the

Complaint, such injuries and/or damages were the result of the culpable conduct of the plaintiff,

or the result of plaintiff's assumption of risk.  Should it be found, however, that these answering

defendants is liable to the plaintiff herein, any liability being specifically denied, then these

answering defendants allege that if any damages are found, they are to be apportioned among the

plaintiff and these answering defendants according to the degree of responsibility that each is

found to have in the occurrence, in proportion to the entire measure of responsibility for the

occurrence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That plaintiffs' sole and exclusive remedy is confined and limited to the benefits and

provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The plaintiffs did not sustain serious and permanent injuries as defined by Section 5102

of the Insurance Law of the State of New York, and their exclusive remedy is confined and

limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New

York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The plaintiffs' cause of action is barred by Article 51, Section 5104 of the Insurance Law
of the State of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

This action should be dismissed due to the insufficiency of process.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

This action should be dismissed since this Honorable Court lacks jurisdiction over the
person of the defendant due to the lack of minimum contacts with this forum.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a cause of action as against this answering
defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

This action should be dismissed since the Complaint fails to state a claim against the
defendant upon which relief can be granted.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Whatever injuries and/or damages were sustained by the plaintiff at the time and place
alleged in the Complaint, were the result of the plaintiff's assumption of risk, in realizing and
knowing the hazards and dangers thereof and that plaintiff assumed all the risks necessarily
incidental to such an undertaking.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

That any verdict in the within action for past, present, and future medical care, dental
care, custodial care, or rehabilitation services, loss of earnings or other economic loss, should be
reduced by the amount that any such expense has or will with reasonable certainty be replaced or

indemnified in whole or in part from any collateral source, in accordance with the provisions and limitations of the Federal Rules of Civil Procedure.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

That the plaintiff has failed to mitigate his damages as required by law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

That the plaintiff could have, with due diligence, obtained personal jurisdiction over tortfeasors not a party to this lawsuit and thus the culpability of these missing or absent tortfeasors may be computed into the appointment of total culpability causing the subject occurrence.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Vehicle and Traffic Law §388 does not operate to impose vicarious liability on these answering defendants as the Elrac vehicle was not being operated with its permission and consent.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Elrac, Inc. cannot be held liable as an "owner" of a motor vehicle under Vehicle & Traffic Law §388 based upon the application of federal statute known as 49 U.S.C.A. §30106.

## AS AND FOR A CROSS-CLAIM AGAINST THE CO-DEFENDANT "JOHN DOE"

If the plaintiff recovers herein, it will be by virtue of the recklessness, carelessness and negligence of the co-defendant above-named, and not of this answering defendant, and that this answering defendant demands judgment for contribution and/or indemnification and that the respective degrees of negligence of this answering defendant be ascertained, determined and adjudicated, and that this answering defendant have judgment over and against the above-named

co-defendant as to the proportionate share commensurate with the respective degrees of

negligence as will be decided upon at the trial herein.

WHEREFORE, Defendants, Enterprise Leasing Company and Matthew Robert

Backerick, demands judgment dismissing the Plaintiffs' Complaint, and further demands

judgment over and against the above-named co-defendant on the cross-claim herein, for the

amount of any judgment obtained against this answering defendant, or on the basis of

apportionment of responsibility in such amounts as a jury or court may direct, together with the

costs and disbursements of this action, including attorneys' fees.

Dated: Farmingdale, New York
     April 28, 2008

               CARMAN, CALLAHAN & INGHAM, LLP

               James M. Carman (JMC/6268)
               Attorneys for Defendant
               Elrac, Inc.
               266 Main Street
               Farmingdale, New York 11735
               516-249-3450

To:    Tarasov & Associates, P.C.
       Attorneys for Plaintiff
       36 Avenue O
       Brooklyn, New York 11204
       718-368-0690
       File No. 2542

# V E R I F I C A T I O N

STATE OF NEW YORK

COUNTY OF NASSAU

James M. Carman, Esq., an attorney duly admitted to practice before all the Courts of the State of New York, affirms the following under the penalties of perjury:

That he is a member of the firm of CARMAN, CALLAHAN & INGHAM, LLP the attorneys of record for the defendants in the within action. That he has read the foregoing Answer and knows the contents thereof. That the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, he believes them to be true.

Affirmant further states that the source of information and the grounds of belief as to all matters therein not stated upon his knowledge are: correspondence had with the said defendants which are in affirmant's possession and other pertinent data relating thereto.

Affirmant further states that the reason why this Verification is made by affirmant and not by said defendants is that said defendants are not within the County of Nassau, the County wherein affirmant has his office.

Dated: Farmingdale, New York
       April 28, 2008

James M. Carman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Amarilys DePena,

                                    Plaintiff,                          08 CV 3869
                                                                        J. Buchwald
                                                                        M. Mann
            -against-
                                                                        **Request for Production**
Elrac, Inc. d/b/a Enterprise Rent-A-Car and                             **Of Documents**
"John Doe," a fictitious name for an individual
whose identity is not currently known,

                                    Defendants.
-------------------------------------------------------------------X


COUNSELORS :

        PLEASE TAKE NOTICE, that pursuant to Rule 34 of the Federal Rules of Civil

Procedure the undersigned attorneys demand that you furnish the following items:

    1.    Copies of all medical records, reports, diagnoses, prognoses, as
          well as hospital records, x-rays, charts and duly executed
          authorizations to examine any and all of the aforementioned for all
          treating hospitals, doctors and/or other medical persons.

    2.    A copy of any statement given by or on behalf of any answering
          defendant serving this demand.

    3.    The names and addresses of each person known or claimed by you
          or any party you represent in this action to be a witness to:

          a.    the occurrence alleged in the Complaint in this
                action; and/or

          b.    any acts, omissions, or conditions which allegedly
                caused the occurrence alleged in the Complaint;
                and/or

          c.    any actual notice allegedly given to the defendants
                answering herein of any condition which allegedly
                caused the occurrence alleged in the Complaint;
                and/or

d.     the nature and duration of any alleged condition which allegedly caused the occurrence alleged in the Complaint.

4.     A complete copy of the plaintiffs' employment and/or school records for the two years prior and subsequent to the alleged occurrence, and a duly executed authorization allowing the obtaining of the aforementioned.

5.     Photographs of the scene of the alleged occurrence and/or any defective and/or dangerous condition claimed to have existed thereat.

6.     A verified statement identifying by name of issuing company, name of insured, policy number, policy period, and limits of liability of all insurance agreements, including, but not limited to policies of excess liability insurance under which an insurance business may be liable to satisfy part of or all of a judgment which may be entered against the defendants in this action, or to indemnify or reimburse defendants for payments made to satisfy the judgment.

6.     The names and addresses for each party and attorney appearing in this action.

PLEASE TAKE FURTHER NOTICE that upon failure to comply with this demand, the plaintiffs will be precluded at the trial of the within action from offering in evidence or testifying as to any of the items requested herein.

Dated: Farmingdale, New York
         April 28, 2008

CARMAN, CALLAHAN & INGHAM, LLP

James M. Carman (JMC-6268)
Attorneys for Defendant
Elrac, Inc.
266 Main Street
Farmingdale, New York 11735
516-249-3450

To:    Tarasov & Associates, P.C.
       Attorneys for Plaintiff
       36 Avenue O
       Brooklyn, New York 11204

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
Amarilys DePena,

                               Plaintiff,

               -against-

Elrac, Inc. d/b/a Enterprise Rent-A-Car and
"John Doe," a fictitious name for an individual
whose identity is not currently known,

                            Defendants.
------------------------------------------------------------------------X

08 CV 3869
J. Buchwald
M. Mann

**Interrogatories**

COUNSELORS :

        PLEASE TAKE NOTICE, that pursuant to Rule 33 of the Federal Rules of Civil

Procedure, demand is hereby made that the Plaintiff answer under oath, the interrogatories

hereinafter set forth, within thirty (30) days, and submit copies of the statements, reports, and

records requested:

1.     State your full name, date and place of birth, social security number and
residence during the past five years.

2.     State whether you are married or single, and if married, give the full name
of your spouse and his or her address, if not the same as your own and the
reason for the different addresses.

3.     State the particular acts constituting the alleged negligence of the
defendants.

4.     State the Title, including Chapter and Section, of each and every Statute,
Ordinance, Regulation, and Rule claimed to have been violated by the
defendants.

5.     State whether plaintiffs or anyone acting on behalf of plaintiffs
obtained from any person or persons, any report, statement, memorandum
or testimony concerning the accident involved in this cause of action, and
if so state:

          a.     the name, last known address and present whereabouts, if
known, of said person;

     b.    when, where and by whom each such report, statement, memorandum, or testimony was obtained or made; and

     c.    where each is located.

6.    State the name and last known address and present whereabouts, if known, of each person whom you or anyone acting in your behalf knows or believes to have witnessed the said accident.

7.    State whether plaintiffs or any representative of plaintiffs obtained an oral or written statement of the accident from defendants.

8.    State whether such statement contained facts concerning the manner, place, time, or cause of the happening of the accident, and if so, state:

     a.    When, and by whom such statement was obtained, giving last known address and present whereabouts, if known, of all persons named and indicate where and in whose possession such statement is now.

9.    State whether the plaintiffs or any representative of the plaintiffs are in possession of any photographs of the locale or surrounding area of the site of the accident or any other matters or things involved in this accident.

10.    Describe in detail, the injuries sustained by the plaintiffs as a result of the alleged accident, including all marks and which part or parts of the body affected.

11.    If the plaintiffs are presently suffering as a result of those injuries, state in what way and to what extent.

12.    If the plaintiffs have any permanent injury as a result of the alleged accident, describe it in detail.

13.    If the plaintiffs received treatment at any hospital or hospitals, describe such treatment, giving the name and address of each hospital, the date, and whether received as an in-patient or as an out-patient.

14.    If the plaintiffs were treated by a physician or physicians, list the names and addresses of all who treated plaintiffs.

15.    If the plaintiffs were treated by a physician or physicians as a result of the alleged accident, list the number of treatments given, the dates as far as possible, including in particular, the first time and the last time plaintiffs saw said physician or physicians.

16. If the plaintiffs sustained any physical injuries, through accidents, illnesses, or diseases for the three years prior and/or subsequent to this accident, state:

    a. the nature and cause of said injuries, illness, etc., and

    b. the name and address of each doctor who attended the plaintiffs and/or the name and address of the hospital or hospitals where the plaintiffs were treated.

17. If at the time of the alleged accident, the plaintiffs were engaged in a gainful occupation, describe the occupation, stating by whom employed and in what capacity.

18. If at the time of the alleged accident the plaintiffs were engaged in a gainful occupation, state the wages or salary that plaintiffs were receiving at that time.

19. If the plaintiffs are working at the present time, state the wages or salary plaintiffs were receiving for such work, and the name and address of plaintiffs' employer.

20. If the plaintiffs' were incapacitated from work as a result of the alleged accident, state the dates between which plaintiffs' were so incapacitated.

21. If the plaintiffs' claim to have suffered financial loss as a result of the alleged accident, state in what amount, itemizing the following:

    a. Doctors' bills
    b. Nurses' bills
    c. Hospital expenses
    d. Loss of wages, salary.

22. If the plaintiffs or anyone acting in their behalf at any time received any medical, hospital or x-ray reports for any hospital or physician concerning the injuries to the plaintiffs, alleged to have been caused by the said accident, state:

    a. the date of each;

    b. where and from whom such reports were received;

    c. what type of reports were received in each instance (written or oral, medical, x-ray, hospital, etc.); and

    d.    the name and address of the place or custody of each report;

23.    If the plaintiffs were self-employed at the time of the incident referred to in the Complaint, state:

    a.    the nature of plaintiffs' work;

    b.    Plaintiffs business addresses;

    c.    Plaintiffs average weekly earnings for the three years preceding the accident;

    d.    the amount reported in plaintiffs' income tax return as income for the three years preceding the accident;

    e.    the time lost from plaintiffs business;

    f.    the amount of business lost as a result of this accident;

    g.    the name and address of the amount for said company and/or the plaintiffs; and

    h.    state the name and address of the person and/or entity who assisted in the preparation of any and all books, ledgers, and tax papers filed either by the company which employed the plaintiffs and/or the plaintiffs personally.

24.    State the names and addresses of any and all proposed expert witnesses, and the technical field in which you claim they are an expert.

25.    Do you intend to rely upon any technical, expert or medical text in your cross-examination of these defendants expert? If so, state:

    a.    The exact title of each text upon which plaintiffs intend to rely;

    b.    the name and address of the publisher of such text;

    c.    the date upon which each such text was published; and

    d.    the name of the author of each such text.

PLEASE TAKE FURTHER NOTICE, that these interrogatories shall be deemed continuing so as to require supplemental answers and submission of further statements, reports,

or records, if plaintiffs obtain additional information, statements, reports, and records of a character called for by the Interrogatories between the time these Interrogatories are answered and the time of trial.

Dated: Farmingdale, New York
      April 28, 2008

                CARMAN, CALLAHAN & INGHAM, LLP

                James M. Carman (JMC-6258)
                Attorneys for Defendant
                Elrac, Inc.
                266 Main Street
                Farmingdale, New York  11735
                516-249-3450

To:    Tarasov & Associates, P.C.
        Attorneys for Plaintiff
        36 Avenue O
        Brooklyn, New York  11204
        718-368-0690
        File No. 2542

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
Amarilys DePena,

                                    Plaintiff,                          08 CV 3869
                                                                        J. Buchwald
                 -against-                                              M. Mann

Elrac, Inc. d/b/a Enterprise Rent-A-Car and                             **Notice of Deposition**
"John Doe," a fictitious name for an individual
whose identity is not currently known,

                                    Defendants.
-----------------------------------------------------------------------X
COUNSELORS :

        PLEASE TAKE NOTICE, that the defendants will take the deposition of each other party

to this action, upon oral examination, pursuant to the Federal Rules of Civil Procedure:

        Date:   June 16, 2008

        Time:   11:00 a.m.

        Place:  Location to be Determined

        PLEASE TAKE FURTHER NOTICE, that each party then and there to be examined is

required, pursuant to CPLR 3111, to produce all books, papers and other things in the possession,

custody or control of such party to be marked as exhibits, and used on the examination.

Dated: Farmingdale, New York
        April 28, 2008

                                    CARMAN, CALLAHAN & INGHAM, LLP


                                    James M. Carman (JMC-6268)
                                    Attorneys for Defendant
                                    Elrac, Inc.
                                    266 Main Street
                                    Farmingdale, New York  11735
                                    516-249-3450

To:     Tarasov & Associates, P.C.
        Attorneys for Plaintiff
        36 Avenue O
        Brooklyn, New York  11204
        718-368-0690
        File No. 2542

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)

                ss:

COUNTY OF NASSAU )

      Sherry Moreno, being duly sworn, deposes and says:

      I am not a party to the action, am over 18 years of age and reside in the State of New York.

      On April 28, 2008, I served a true copy of the annexed Verified Answer, Request for Production of Documents, Demand for Written Interrogatories and Notice of Deposition by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known addresses of the addressees as indicated below:

      Tarasov & Associates, P.C.
      Attorneys for Plaintiff
      36 Avenue O
      Brooklyn, New York  11204
      718-368-0690
      File No. 2542

                                  Sherry Moreno

Sworn to before me this

2__ day of April, 2008

Notary Public

KRISTEN J. McALEER
Notary Public, State of New York
No. 01MC6366676
Qualified in Suffolk County
Commission Expires Nov. 19, 20_09_